Wolfgang FALKE, Individually and on
Behalf of All Others Similarly Situat-
ed, Appellant and Cross-Appellee,

v.

FAIRBANKS NORTH STAR BOROUGH,
Appellee and Cross-Appellant,

and

State of Alaska, Appellee.

Nos. 5761, 5781.

Supreme Court of Alaska.

July 23, 1982.

Wolfgang Falke, pro. per.

Patrick B. Cole, Asst. Borough Atty., J.
D. Nordale, Borough Atty., Fairbanks, for
Fairbanks North Star Borough, appellee
and cross-appellant.

Linda Walton, Asst. Atty. Gen., Fair-
banks, Wilson L. Condon, Atty. Gen., Ju-
neau, for State of Alaska, appellee.

Before BURKE, C. J., and RABINOW-
ITZ, CONNOR, MATTHEWS and COMP-
TON, JJ.

## OPINION

PER CURIAM.

Appellant Wolfgang Falke institut-
ed a class action against the State of Alaska
and the Fairbanks North Star Borough in
which he asserted that the 1979 amend-
ments to the service area provisions, found
at AS 29.63.090(a) and (f), violated his con-
stitutional rights and the constitutional
rights of all borough residents. Specifical-
ly, Falke contends that portions of ch. 85,
SLA 1979, violate Article I, §§ 2, 15, and
21, and Article II, § 19 of the Alaska Con-
stitution.[1] We find no merit in Falke's
specifications of error which concern the

1. Article I, § 2 provides:
   All political power is inherent in the people.
   All government originates with the people, is

founded upon their will only, and is instituted
solely for the good of the people as a whole.

constitutionality of ch. 85, SLA 1979.[2] Thus we affirm the superior court's grant of summary judgment in favor of appellees on the issue of the constitutionality of ch. 85, SLA 1979.

We hold that there is no merit in appellant's assertions that ch. 85, SLA 1979, is contrary to Alaska's Constitution. The legislation in question is authorized by Article X, § 5[3] and does not constitute an infringement upon Alaska's constitutional provisions relating to the source of governmental powers, the rights retained by the people of Alaska, the prohibition against local or special acts,[4] or the constitutional bar to impairment of contracts.

Appellant has also specified as error the fact that he was required to post a bond in connection with this appeal and to pay certain court costs relating to the preparation of the record in this case. Appellant made no claim of indigency and thus we find no error in requiring appellant to pay these costs.

Appellee Fairbanks North Star Borough has filed a cross-appeal challenging the superior court's failure to award it attorney's fees. It is apparent that the superior court viewed the litigation as public interest litigation and thus determined that

---

Article I, § 15 provides in part as follows:
> No law impairing the obligations of contracts ... shall be passed.

Article I, § 21 provides:
> The enumeration of rights in this constitution shall not impair or deny others retained by the people.

Article II, § 19 provides:
> The legislature shall pass no local or special act if a general act can be made applicable. Whether a general act can be made applicable shall be subject to judicial determination. Local acts necessitating appropriations by a political subdivision may not become effective unless approved by a majority of the qualified voters voting thereon in the subdivision affected.

2. Chapter 85, §§ 9 and 10, SLA 1979, amended title 29 in part to provide:

AS 29.63.090(a) is amended to read:
> (a) Service areas to provide special services within a borough may be established, operated, altered or abolished by the assembly by ordinance. Special services include services not provided on an areawide basis within the borough or the borough area outside cities or a higher or different level of service than that provided on an areawide basis or in the borough area outside cities. In a first class borough the assembly may exercise within a service area any power granted a first class city by general law. *Except as provided in (f) of this section,* a [; IN A] second class borough *may* [AN] exercise [OF] the powers *granted a first class city by general law but the exercise of the powers* must be approved by a majority of the qualified voters residing within the service area and voting on the question at a regular or special election.

AS 29.63.090 is amended by adding a new subsection to read:

> (f) A second class borough may establish a service area by ordinance which may include only vacant, unappropriated and unreserved land owned by the municipality. A second class borough may establish a service area, with the concurrence of the commissioner of natural resources, which may include only vacant, unappropriated and unreserved land owned by the state and classified for disposal to individuals. A second class borough may provide those services in a service area established under this subsection necessary to develop state or municipal land as required by the planning and platting ordinances of the borough. Exercise of the powers authorized by this subsection shall be by ordinance.

3. Article X, § 5 provides in part:
> Service areas to provide special services within an organized borough may be established, altered, or abolished by the assembly, subject to the provisions of law or charter.

Article X, § 3 reads in part:
> The entire state shall be divided into boroughs, organized or unorganized. They shall be established in a manner and according to standards provided by law.

Article XII, § 11 provides in part:
> As used in this constitution, the terms "by law" and "by the legislature," or variations of these terms, are used interchangeably when related to law-making powers.

4. Our disposition on the merits of the Article II, § 19 claim has made it unnecessary to address appellant's contentions regarding the validity of his counsel's stipulation which purported to withdraw this claim.

Civil Rule 82 should not be applied.[5] We agree and therefore conclude that the superior court did not err in denying attorney's fees to the Borough.

The superior court's judgment is AFFIRMED in all respects.

---

**5.** *Girves v. Kenai Peninsula Borough*, 536 P.2d 1221, 1227 (Alaska 1975); *Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974).